IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LANGE,                                                CV. 05-255-HU

        Petitioner,                         FINDINGS AND RECOMMENDATION

  v.

BRIAN BELLEQUE,

        Respondent.

Kendra Matthews
RANSOM BLACKMAN LLP
1001 SW Fifth Avenue, Suite 1400
Portland, Oregon, 97204

    Attorney for Petitioner

Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorney for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the habeas petition should be denied.

1 -- FINDINGS AND RECOMMENDATION

## BACKGROUND

On July 6, 1990, petitioner was convicted of felony murder and sentenced to life imprisonment, with a 25-year minimum. Petitioner subsequently brought a federal habeas corpus proceeding challenging the constitutionality of his conviction. <u>Lange v. Palmateer</u>, 99-744-HU. That proceeding was terminated pursuant to a stipulation agreement which provides in part:

> 1. The State of Oregon will submit an Amended Order and Judgment in *State of Oregon v. Chris Lange*, Linn County Circuit Court Case No. 89-061568. Under the terms of the Amended Order and Judgment, petitioner's convictions for Murder will remain intact. However, the sentences for these Murder convictions will be modified as follows: 1) petitioner's prison sentences shall be reduced to a combined total of twenty years; and 2) petitioner's term of post-prison supervision shall be two years. **Accordingly, *under the terms of this agreement, petitioner will be released from prison on August 15, 2009,*** and at that time, his two year term of post-prison supervision will commence.
>
> \* \* \* \* \*
>
> 4. **Based on the stipulations in this case, petitioner knowingly, intelligently and voluntarily waives all further challenges to his convictions and sentences in *State of Oregon v. Chris Lange*, Linn County circuit Court Case No. 89-061568.** This waiver includes all challenges to the convictions and sentences entered in *State of Oregon v. Chris Lange*, Linn County Circuit Court Case No. 89-061568, through direct appeal in state court, state post-conviction relief, state habeas corpus relief, and federal habeas corpus relief. This waiver also includes all civil claims arising under 42 U.S.C. § 1983, state tort law, and any other federal or state court remedy.
>
> 5. The intent of this stipulation agreement is to eliminate all future litigation based on or related to petitioner's convictions or sentences in *State of Oregon*

2 -- FINDINGS AND RECOMMENDATION

>    *v. Chris Lange*, Linn County Circuit Court Case No. 89-061568.
>
>    * * * * *
>
>    9. [I]f petitioner is not released from prison on August 15, 2009, * * * then petitioner shall be allowed to move for enforcement of this agreement in federal court.

Resp. Exh. 102 at 6-7.

On May 7, 2003, an amended judgment was entered in <u>State v. Lange</u>, Linn County Case 89-061568, incorporating the federal stipulation agreement and reducing petitioner's sentence to (1) "a combined total of twenty years"; and (2) two years post-prison supervision. The amended judgment specifically sets forth petitioner's release date:

>    "[U]nder the terms of this Amended Order and Judgment, defendant will be released from prison on August 15, 2009."

Six months later, on or about November 15, 2003, petitioner filed a state habeas corpus petition complaining that prison officials had denied him accrued good time credits. Petitioner reasoned that he had accrued 6 years and 8 months in good time credits against his newly imposed 20-year sentence and, therefore, was entitled to immediate release. The State of Oregon moved to summarily dismiss the petition on the basis that petitioner (1) had waived his right to challenge the sentence computation in the stipulation agreement; and (2) was not entitled to good time credits under Oregon law.

3 -- FINDINGS AND RECOMMENDATION

On December 29, 2003, the state trial court summarily dismissed petitioner's habeas petition "[f]or the reasons set forth in [the state's] response." The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review.

In the instant proceeding, petitioner argues that O.R.S. 421.120 creates a constitutionally protected liberty interest in good time credits, that a waiver of this constitutional right must be express to be valid, and that the parties' stipulation agreement does not include an express waiver of the right to good time credits. Petitioner concludes that absent an express waiver, his right to receive good time credits must be deemed to be preserved.[1] In this regard, petitioner contends that he "is not seeking to vacate the Amended Order And Judgment", but is "instead arguing that under clearly established federal law, a review of the text of the Stipulation Agreement reveals that he did not waive his right to receive good time credits pursuant to ORS 421.120(2)(b)."

## DISCUSSION

The waiver of a constitutional right must be voluntary, knowing, and intelligently made, that is, the act of waiver must be shown to have been an intentional relinquishment or abandonment of a known right or privilege. Iowa v. Tovar, 541 U.S. 77, 87-88

---

[1] I reject respondent's contention that petitioner's due process claim was not fairly presented to the state courts. See Resp. Exh. 102 at 4; Exh. 105 at 4-6; Exh. 108 at 4-5.

4 -- FINDINGS AND RECOMMENDATION

(2004); D.H. Overmyer Co. Inc., of Ohio v. Frick Co., 405 U.S. 174, 185-86 (1972); Johnson v. Zerbst, 304 U.S. 458, 464, (1938); see also Schell v. Witek, 218 F.3d 1017, 1023-24 (9th Cir. 2000); Gete v. INS, 121 F.3d 1285, 1293 (9th Cir. 1997).

The parties' stipulation agreement and the amended judgment entered in State v. Lange, Case No. 89-061568, clearly and specifically provide that petitioner shall be released from prison on August 15, 2009. Contrary to petitioner's suggestion, the documents do not set forth "an outside date listing the last possible day by which Mr. Lange must be released", but rather unequivocally provide that petitioner "will be released from prison *on* August 15, 2009." The stipulation agreement includes petitioner's affirmation that he reviewed the stipulation agreement with counsel and "knowingly, intelligently and voluntarily agrees" to all of its terms.

Because the stipulation agreement and amended sentence include a date certain for petitioner's release, petitioner's contention that he is entitled to a speedier release via earned good time credits necessarily is a challenge to his sentence. However, petitioner waived his right to challenge his sentence in any state or federal collateral proceeding in the stipulation agreement. Petitioner has made no showing that this waiver was uninformed or otherwise involuntary.

5 -- FINDINGS AND RECOMMENDATION

Petitioner's assertion that his right to good time credits must be deemed preserved because it is not explicitly waived in the stipulation agreement lacks merit in light of the specificity in which his release date is set forth. See Ricketts v. Adamson, 483 U.S. 1, 9 (1987) (absence of waiver of "double jeopardy" defense by name in plea agreement was not significant where terms of agreement clearly provided charges may be reinstated).

To the extent that United States v. Morgan, 51 F.3d 1105, 1110 (2d Cir. 1995), cert. denied, 516 U.S. 861 (1995), supports petitioner's argument to the contrary,[2] it does not warrant federal habeas corpus relief because it is not "clearly established Federal law, as determined by the Supreme Court of the United States" nor does it illuminate the application of Supreme Court precedent. See Crater v. Galaza, 2007 WL 1965122 *4 & n.8 (9th Cir. July 9, 2007) (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals"); Casey v. Moore, 386 F.3d 896, 907 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005) (if circuit precedent does not illuminate the application of clearly established federal law as determined by the Supreme Court, it is of "no moment").

---

[2] In Morgan, the Second Circuit held that a settlement agreement providing that defendant's compliance with its terms did not settle, dismiss, resolve, or in any way affect criminal charges did not waive double jeopardy defense because the agreement did not explicitly renounce the defense. 51 F.3d at 1110-11. In so doing, the Second Circuit failed to discuss or distinguish the Supreme Court's holding in Ricketts.

6 -- FINDINGS AND RECOMMENDATION

///

///

///

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#1) should be denied, and this proceeding should be dismissed, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due August 9, 2007.  If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due August 23, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  26th   day of July, 2007.

                                           /s/ Dennis J. Hubel

                                          Dennis J. Hubel

                                          United States Magistrate Judge